2015 VT 17

**STATE of Vermont v. Casey J. LANGLOIS**

[___ A.3d ___]

No. 05-144

¶ 1. May 3, 2005. Defendant Casey J. Langlois is charged with two counts of aggravated sexual assault in violation of 13 V.S.A. § 3253. He appeals the district court's order that he be held without bail. We affirm.

¶ 2. The maximum sentence for aggravated sexual assault is life imprisonment, 13 V.S.A. § 3253(b), and therefore defendant is not entitled to bail as a matter of right if the evidence of guilt is great, *id.* § 7553. In such cases, if substantial, admissible evidence, taken in the light most favorable to the State and excluding modifying evidence, can fairly and reasonably show defendant guilty beyond a reasonable doubt, then a presumption arises in favor of incarceration. *State v. Blackmer*, 160 Vt. 451, 454, 458, 631 A.2d 1134, 1136, 1139 (1993). The trial court must then exercise its discretion in determining whether or not to impose bail and conditions of release. *Id.* at 458, 631 A.2d at 1139. The court's discretion is extremely broad, but its decision cannot be arbitrary. *Id.*

¶ 3. At the hearing below, defendant conceded that the evidence of guilt is great, but suggested that his parents could act as suitable custodians were he released on bail. The State presented evidence that the parents have known of defendant's sexual assaults for almost two years, and have thus far been unable to protect the victim from further abuse. The court recognized that the evidence of guilt is great, and applied the presumption in favor of incarceration. It then looked to the factors outlined in 13 V.S.A. § 7554 to guide its discretionary determination on whether to impose bail and conditions of release. The court found that, given the evidence presented, the parents are not suitable custodians, and it could not fashion conditions of release sufficient to protect the public. It therefore ordered defendant held without bail.

¶ 4. We affirm the district court's order. The evidence presented at the hearing below demonstrated that defendant's parents may not be suitable custodians, and

therefore the court did not abuse its discretion in ordering him held without bail. Defendant did not present alternative custodians to the trial court, but if circumstances have changed, and defendant believes he can present the court with more suitable conditions of release, he is free to move the district court for a new bail hearing. Given the record before us in this appeal, however, we cannot conclude that the court abused its discretion by ordering defendant held without bail.

*Affirmed.*